EILEEN R. RIDLEY, Bar No. 151735
eridley@foley.com
**FOLEY & LARDNER LLP**
ONE MARKET PLAZA
55 SPEAR STREET TOWER, SUITE 1900
SAN FRANCISCO, CA 94105
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

PETER Z. STOCKBURGER, Bar No. 265750
peter.stockburger@foley.com
ANUM AMIN, Bar No. 319662
aamin@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendants
ULTA SALON, COSMETICS & FRAGRANCE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNY ASERCION, on behalf of himself and all others similarly situated,

Plaintiff,

v.

ULTA SALON, COSMETICS & FRAGRANCE, a Delaware Corporation, and Does 1-100, inclusive,

Defendant.

Case No. 3:26-cv-2442

**DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S AMENDED ANSWER TO CLASS COMPLAINT**

Judge: Hon. Thomas S. Hixson

Defendant ULTA SALON, COSMETICS & FRAGRANCE, INC. ("Defendant" or "Ulta"), by and through its undersigned counsel, hereby submits the following Amended Answer and Affirmative Defenses to Plaintiff Arny Asercion's Class Complaint. Unless expressly admitted herein, Ulta denies the allegations of the Complaint.

## NATURE OF THE ACTION[1]

1. Ulta admits that Ulta Salon, Cosmetics & Fragrance, Inc. is a Delaware corporation and that it owns and operates the website https://www.ulta.com (the "Website").

2. Ulta admits that its Website uses certain cookies, pixels, analytics, advertising technologies, and related website tools, including certain third-party technologies, as described in the Website's Privacy Policy in effect during the relevant period. A true and correct copy of the Website's Privacy Policy is attached hereto as **Exhibit A**. To the extent Plaintiff alleges that Ulta engaged in unlawful tracking, interception, wiretapping, unauthorized access, or any other wrongdoing, Ulta denies those allegations. Ulta denies the remaining allegations in Paragraph 2.

3. Paragraph 3 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that any tracker constituted unlawful wiretapping under the Electronic Communications Privacy Act ("ECPA") or the California Invasion of Privacy Act ("CIPA"). Ulta denies the remaining allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that any tracker constituted a "pen register" and that Ulta violated CIPA section 638.51(a). Ulta denies the remaining allegations in Paragraph 4.

5. Ulta admits that Plaintiff purports to bring this action to recover statutory damages under the ECPA and CIPA. Ulta denies that Plaintiff or any putative class member is entitled to any relief, statutory damages, injunction, or other remedy, and denies the remaining allegations in Paragraph 5.

---

[1] Defendant includes herein the headings that appear in the Complaint for organizational purposes only.

**PARTIES**

6. Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and therefore denies those allegations on that basis.

7. Ulta admits that Ulta Salon, Cosmetics & Fragrance, Inc. is a Delaware corporation with its principal place of business in Bolingbrook, Illinois.

**VENUE AND JURISDICTION**

8. Paragraph 8 contains legal conclusions and characterizations concerning jurisdiction, amount in controversy, venue, business conduct, personal information, obligations, and liability to which no response is required. To the extent a response is required, Ulta admits that this action was originally filed in the Superior Court of California, County of San Mateo, and has been properly removed to this Court. Ulta denies that Plaintiff or any putative class member has suffered any injury or damages as a result of any act or omission by Ulta and denies the remaining allegations in Paragraph 8.

**I. INTRODUCTION**

**A. The California Invasion of Privacy Act**

1. Paragraph 1 contains legal conclusions, generalized statements, and characterizations to which no response is required. To the extent a response is required, Cal. Penal Code § 630 speaks for itself, and Ulta denies any characterization inconsistent with that statute and denies the remaining allegations in this Paragraph.

2. Paragraph 2 under contains legal conclusions, generalized statements, quotations from cited legal authorities, and characterizations to which no response is required. To the extent a response is required, the cited authorities speak for themselves, and Ulta denies any characterization inconsistent with those legal authorities and denies the remaining allegations in this Paragraph.

3. Paragraph 3 under "The California Invasion of Privacy Act" contains legal conclusions and characterizations regarding CIPA remedies to which no response is required. To

the extent a response is required, Cal. Penal Code § 637.2(a)(1) speaks for itself, and Ulta denies that Plaintiff or any putative class member is entitled to any relief or statutory damages from Ulta.

**B. <u>The Federal Wiretap Act</u>**

4. Paragraph 4 contains legal conclusions, generalized statements, quotations, and characterizations regarding the ECPA to which no response is required. To the extent a response is required, the cited materials and statute speak for themselves, and any characterization thereof is denied.

5. Paragraph 5 contains legal conclusions, statutory quotations, and characterizations to which no response is required. To the extent a response is required, 18 U.S.C. § 2510 and related statutory provisions speak for themselves, and any characterization thereof is denied.

6. Paragraph 6 contains legal conclusions and characterizations regarding statutory remedies to which no response is required. To the extent a response is required, the statute speaks for itself, and any characterization thereof is denied.

## II. <u>DEFENDANT ILLEGALLY INTERCEPTS THE CONTENTS OF ELECTRONIC AND WIRE COMMUNICATIONS AND ILLEGALLY CAPTURES IDENTIFYING INFORMATION</u>

**A. <u>Overview of Website Tracking Technology</u>**

7. Paragraph 7 contains generalized statements about website tracking technology and third-party cookies that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 7.

8. Paragraph 8 contains generalized statements about tracking technologies that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 8.

***i. Cookies***

9. Ulta admits that Paragraph 9 includes one way to describe a "cookie" but denies that this description is complete and/or the only way in which to describe cookies. Ulta denies the remaining allegations in Paragraph 9.

10. Paragraph 10 contains generalized statements about third-party trackers and cookies that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 10.

11. Paragraph 11 contains generalized statements about trackers, cookies, user awareness, data collection, and sharing with third parties that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 11.

***ii. Pixels***

12. Ulta admits that Paragraph 12 includes one way to describe a "pixel event" but denies that this description is complete and/or the only way in which to describe pixels. Ulta denies the remaining allegations in Paragraph 12.

13. Paragraph 13 contains generalized statements about pixel events and user activity that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 13.

14. Paragraph 14 contains generalized statements and characterizations regarding events that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 14.

***iii. Keyloggers***

15. Paragraph 15 contains generalized statements about keyloggers and keystroke monitoring that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 15.

16. Ulta admits that Paragraph 16 includes one way to describe "keyloggers" but denies that this description is complete and/or the only way in which to describe keyloggers. Ulta denies the remaining allegations in Paragraph 16.

17. Paragraph 17 contains generalized statements and characterizations about keyloggers, sensitivity of information, deleted content, and private thoughts that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is

required, Ulta denies the allegations in Paragraph 17, including any allegation or implication that Ulta captured payment-card data, passwords, health information, or other highly sensitive user inputs from Plaintiff.

***iv. Device fingerprinting***

18. Ulta admits that Paragraph 18 includes one way to describe "device fingerprinting" but denies that this description is complete and/or the only way in which to describe device fingerprinting. Ulta denies the remaining allegations in Paragraph 18.

19. Paragraph 19 contains generalized statements about device attributes, settings, and identification that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 19.

20. Ulta admits that Paragraph 20 includes one possible description of "canvas fingerprinting," but denies that the description is complete or the only way to describe canvas fingerprinting. Ulta denies the remaining allegations in Paragraph 20.

21. Paragraph 21 contains generalized statements about JavaScript, HTML canvas elements, hash functions, and unique identifiers that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 21.

22. Paragraph 22 contains generalized statements about JavaScript, servers, and recognition of users that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 22.

23. Paragraph 23 contains generalized statements about graphics cards, driver versions, installed fonts, operating systems, screen resolution, color calibration, and fingerprinting that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 23.

///

///

///

***v. IP Addresses***

24. Ulta admits that Paragraph 24 includes one way to describe "IP addresses" but denies that this description is complete and/or the only way in which to describe IP addresses. Ulta denies the remaining allegations in Paragraph 24.

25. Ulta admits that Paragraph 25 includes one way to describe "IP addresses" but denies that this description is complete and/or the only way in which to describe IP addresses. Ulta denies the remaining allegations in Paragraph 25.

26. Ulta admits that, generally, a browser may send an HTTP request to a server to load a website. Ulta denies the remaining allegations in Paragraph 26.

27. Ulta admits that, generally, a server may send an HTTP response back to a browser. Ulta denies the remaining allegations in Paragraph 27.

28. Ulta admits that Paragraph 28 includes one possible description of instructions included in a server response but denies that the description is complete or the only way to describe a server response. Ulta denies the remaining allegations in Paragraph 28.

29. Paragraph 29 contains generalized statements about IP addresses that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 29.

30. Paragraph 30 contains generalized statements about IP addresses, user identifiers, and additional data that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 30.

31. Paragraph 31 contains generalized statements about IP addresses and geographic location that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 31.

32. Paragraph 32 contains generalized statements, analogies, quotations, and characterizations about IP addresses and geographic location that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 32.

33. Paragraph 33 contains generalized statements and quotations about advertisers, IP targeting, marketing, and identification that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 33.

34. Paragraph 34 contains generalized examples, statements, quotations, and characterizations about advertising and IP addresses that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 34.

35. Paragraph 35 contains generalized quotations and statements about IP address targeting and marketing strategy that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 35.

36. Paragraph 36 contains generalized statements about public IP addresses, monitoring, and user profiles that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 36.

37. Paragraph 37 contains generalized statements about identifying and tracking individuals that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 37.

38. Paragraph 38 contains generalized statements about tracking patterns of movement, public IP addresses and profiles that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 38.

39. Paragraph 39 contains a generalized hypothetical example that is not a factual allegation specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 39.

40. Paragraph 40 contains legal conclusions and generalized statements about the General Data Protection Regulation that are not factual allegations specific to Ulta and to which no

response is required. To the extent a response is required, the cited law speaks for itself, and Ulta denies any characterization inconsistent with that law.

***v. Session recording***[2]

41. Ulta admits that Paragraph 41 includes one way to describe a "session recording" but denies that this description is complete and/or the only way in which to describe session recording. Ulta denies the remaining allegations in Paragraph 41.

42. Paragraph 42 contains generalized statements and characterizations about session recording that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 42.

43. Paragraph 43 contains generalized statements and characterizations about session recorders and online behavior that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 43.

44. Paragraph 44 contains generalized statements about the potential capabilities of session recorders that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 44.

45. Paragraph 45 contains generalized statements about companies that own session recording technology and stored recordings that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 45.

**B. <u>Tracking Technology on Defendant's Website</u>**

46. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 46.

///

///

[2] This heading numbering tracks the Complaint, which contains two Subsection V headings.

47. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 47..

***i. Session Recorders***

48. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 48.

49. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 49.

50. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 50.

***ii. Google Tracking Technology***

51. Paragraph 51 contains generalized statements about Google that are not factual allegations specific to Ulta and to which no response is required. Moreover, Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore denies those allegations on that basis.

52. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 52.

53. Paragraph 53 contains generalized statements about Google Ads and Google DoubleClick scripts that are not factual allegations specific to Ulta and to which no response is required. Moreover, Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and therefore denies those allegations.

///

///

54. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 54.

55. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 55.

***iii. Meta/Facebook Pixel Tracking Technology***

56. Paragraph 56 contains generalized statements about Facebook and Meta Pixel that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, and therefore denies the allegations in Paragraph 56.

57. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 57.

58. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 58.

59. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 59.

60. Paragraph 60 contains generalized statements about Facebook that are not factual allegations specific to Ulta and to which no response is required. To the extent a response is required, Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and therefore denies those allegations.

***iv. Advertising Networks***

61. Paragraph 61 contains generalized statements about advertising networks that are not factual allegations specific to Ulta and to which no response is required. To the extent a

response is required, Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and therefore denies those allegations.

62. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 62.

63. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 63.

***v. Canvas Fingerprinting***

64. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 64.

**C. Defendant Aided and Abetted Third-Party Interception by Installing and Using Trackers on the Website to Collect Plaintiff's and Class Member's Communications Without Consent or Court Order**

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Section 631 of CIPA speaks for itself, and Ulta denies any characterization inconsistent with that statute and denies the remaining allegations in this Paragraph.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, the cited authority speaks for itself, and Ulta denies any characterization inconsistent with that legal authority and denies the remaining allegations in this Paragraph.

67. Defendant admits the allegations in Paragraph 67.

68. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 68.

69. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 69.

70. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 70.

71. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 71.

72. Ulta admits that it uses tracking technologies developed by third parties on its website as disclosed in its Website Privacy Policy (See Exhibit A hereto) and consented to by users of the website. Save and except as expressly admitted, Ulta denies the allegations in Paragraph 72.

73. Paragraph 73 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that it violated CIPA or any other statute and denies that the characterization of the Website's technologies or their operation is accurate. Ulta affirmatively alleges that its publicly available Privacy Policy, in effect during the relevant period, disclosed the Website's use of cookies, pixels, analytics, advertising technologies, session-replay technology, and related third-party tools. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 73.

74. Paragraph 74 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the ECPA speaks for itself, and Ulta denies any characterization inconsistent with that statute and denies the remaining allegations in this Paragraph.

75. Paragraph 75 contains legal conclusions, characterizations, and citations to authority to which no response is required. To the extent a response is required, the cited authority speaks for itself, and any characterization thereof is denied. Ulta denies that it intercepted or disclosed any

"communication" in violation of CIPA, CDAFA, or the California Constitution, and denies the remaining allegations in Paragraph 75.

**D. <u>Defendant's Conduct Constitutes an Unauthorized Interception of the Contents of Communications under CIPA and the ECPA</u>**

76. Paragraph 76 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that the trackers intercepted information as characterized in the Paragraph. Ulta also denies that its use of any technology constituted unlawful interception or disclosure of any electronic communication under the ECPA. Ulta denies the remaining allegations in Paragraph 76.

77. Paragraph 77 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that its use of any technology constituted an unauthorized connection, reading, attempted reading, or learning of the contents or meaning of any message, report, or communication under CIPA section 631, and denies the remaining allegations in Paragraph 77.

78. Paragraph 78 contains legal conclusions, quotations, and characterizations concerning the definition of "contents" and cited authorities to which no response is required. To the extent a response is required, the cited authorities speak for themselves, and Ulta denies any characterization inconsistent with those authorities and denies the remaining allegations in Paragraph 78.

79. Ulta denies that any communications were intercepted by the trackers. As to the remaining allegations, Paragraph 79 contains legal conclusions and characterizations concerning "contents" under CIPA and the ECPA to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 79.

///

///

///

///

**E. Defendant's Conduct Constitutes an Illegal Pen Register and Trap and Trace Device Under CIPA**

80. Paragraph 80 contains legal conclusions and statutory quotations to which no response is required. To the extent a response is required, Cal. Penal Code § 638.51(a) speaks for itself, and Ulta denies any characterization inconsistent with that statute.

81. Paragraph 81 contains legal conclusions and statutory quotations to which no response is required. To the extent a response is required, Cal. Penal Code § 638.50(b) speaks for itself, and Ulta denies any characterization inconsistent with that statute.

82. Paragraph 82 contains legal conclusions and statutory quotations to which no response is required. To the extent a response is required, Cal. Penal Code § 638.50(b) speaks for itself, and Ulta denies any characterization inconsistent with that statute.

83. Paragraph 83 contains a generalized characterization of statutory terms to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 83.

84. Paragraph 84 contains generalized historical statements and legal characterizations to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 84.

85. Paragraph 85 contains a generalized hypothetical example and legal characterization to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 85.

86. Paragraph 86 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that any technology on the Website constitutes a "pen register" or "trap and trace device" within the meaning of CIPA § 638.50(b). Ulta further denies that the challenged technologies recorded or decoded "dialing, routing, addressing, or signaling information" within the meaning of that statute. Ulta admits that it used certain website technologies for ordinary marketing and analytics purposes, as disclosed in its

publicly available Privacy Policy. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 86.

87. Paragraph 87 contains legal conclusions and quotations from cited authority to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 87.

88. Paragraph 88 contains legal conclusions and quotations from cited authority to which no response is required. To the extent a response is required, Ulta's investigation into the allegations in Paragraph 88 is ongoing, and on that basis, Ulta denies the allegations in Paragraph 88.

89. Paragraph 89 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that any technology on the Website constitutes a "pen register" or "trap and trace device" within the meaning of CIPA § 638.50(b), and denies the remaining allegations in Paragraph 89.

**F. <u>Defendant's Conduct Constitutes An Invasion Of Plaintiff's And Class Members' Privacy</u>**

90. Paragraph 90 contains legal conclusions and characterizations concerning Plaintiff's and putative class members' information, Website activity, tracking technologies, and invasion of privacy to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 90.

91. Paragraph 91 contains legal conclusions and characterizations concerning tracking technologies, Website data, marketing campaigns, targeted advertising, revenue, surreptitious collection, and privacy to which no response is required. To the extent a response is required, Ulta admits that the Website uses cookies, pixels, and other tracking technologies, as disclosed to users through the Website's publicly available Privacy Policy. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 91, including any allegation or implication that the challenged technologies were used to create the kind of surreptitious surveillance alleged in the Complaint.

### III. PLAINTIFF'S AND THE CLASS MEMBERS' EXPERIENCES

92. Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92, and therefore denies those allegations.

93. Ulta admits that its Website uses certain cookies, pixels, analytics, advertising technologies, and related website tools, including certain third-party technologies, as disclosed in the Website's publicly available Privacy Policy. *See* Ex. A. Ulta denies the characterization that any technology was "installed on Plaintiff's browsers" or that Ulta "programmed" the Website to cause trackers to be "installed" in the manner alleged. Ulta further denies that "each of the Trackers described above" was present on the Website during Plaintiff's specific visit or operated in the manner alleged in Paragraph 93. Ulta denies the remaining allegations in Paragraph 93.

94. Paragraph 94 contains legal conclusions and characterizations concerning Ulta's alleged use of information, sharing with third parties, targeted advertising based on Plaintiff's location, and efforts to boost revenue, to which no response is required. To the extent a response is required, Ulta denies that Paragraph 94 accurately characterizes Ulta's use of any information, any sharing with third parties, any targeted advertising based on Plaintiff's location, or any effort to boost revenue. Ulta admits that it used website technologies for ordinary and legitimate business purposes, as disclosed in the Website's publicly available Privacy Policy. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 94.

95. Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 concerning Plaintiff's alleged consent, and therefore denies those allegations. Paragraph 95 otherwise contains legal conclusions and characterizations, including as to what constitutes "consent" under the applicable statutes, to which no response is required. To the extent a response is required, Ulta affirmatively alleges that its publicly available Privacy Policy, in effect at the time of Plaintiff's visit, disclosed the categories of tracking technologies used on the Website, the types of information collected, and the purposes for which such information was used. *See* Ex. A.

96. Paragraph 96 contains legal conclusions and characterizations concerning any asserted requirement for a court order to install or use trackers to which no response is required. To the extent a response is required, Ulta denies any violation of law.

97. Paragraph 97 contains legal conclusions and characterizations concerning Plaintiff's privacy, the ECPA, and CIPA section 638.51(a) to which no response is required. To the extent a response is required, Ulta denies that Plaintiff's privacy was invaded and denies any violation of the ECPA or CIPA section 638.51(a). Ulta denies the remaining allegations in Paragraph 97.

98. Paragraph 98 contains legal conclusions and characterizations, including the characterization of technologies as "Trackers," their alleged uniform operation, alleged "browser installation," collection of "IP addresses," and collection of "other user behavior data," to which no response is required. To the extent a response is required, Ulta denies remaining allegations in Paragraph 98.

99. Ulta affirmatively alleges that its publicly available Privacy Policy, in effect on the Website during the relevant period, disclosed the categories of tracking technologies used on the Website and their purposes. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 99.

100. Paragraph 100 contains legal conclusions and characterizations concerning any asserted requirement for a court order to install or use trackers to which no response is required. To the extent a response is required, Ulta denies any violation of law.

101. Paragraph 101 contains legal conclusions and characterizations concerning putative class members' privacy and alleged violations of CIPA sections 631 and 638.51(a) to which no response is required. To the extent a response is required, Ulta denies that any putative class member's privacy was invaded and denies any violation of CIPA sections 631 or 638.51(a). Ulta denies the remaining allegations in Paragraph 101.

102. Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 concerning what Plaintiff seeks or wants from the Website, and therefore denies those allegations.

**CLASS ACTION ALLEGATIONS**

103. Ulta admits that Plaintiff purports to bring this action on her own behalf and on behalf of a putative nationwide class and California subclass. Ulta denies that Ulta engaged in any wrongdoing, denies that Plaintiff is entitled to any relief, denies that this case can be maintained as a class action on either a national or state level, and denies that Plaintiff can represent the class of people she attempts to define or any other class of people.

104. Ulta admits that Paragraph 104 purports to define exclusions from Plaintiff's proposed class and purports to disclaim class-wide personal-injury recovery. Ulta denies that Ulta engaged in any wrongdoing, denies that Plaintiff is entitled to any relief, denies that this case can be maintained as a class action on either a national or state level, and denies that Plaintiff can represent the class of people she attempts to define or any other class of people.

105. Paragraph 105 contains legal conclusions and characterizations concerning numerosity to which no response is required. To the extent a response is required, Ulta denies that Plaintiff can establish numerosity or any other requirement for class certification.

106. Paragraph 106 contains legal conclusions and characterizations concerning commonality, predominance, typicality, adequacy, and class certification to which no response is required. To the extent a response is required, Ulta denies that Plaintiff can establish any requirement for class certification and denies the allegations in Paragraph 106.

107. Paragraph 107 contains legal conclusions and characterizations concerning common questions, predominance, CIPA, the ECPA, pen registers, consent, court orders, damages, typicality, and class treatment to which no response is required. To the extent a response is required, Ulta denies that Plaintiff can establish any requirement for class certification and denies the allegations in Paragraph 107.

108. Paragraph 108 contains legal conclusions and characterizations concerning adequacy, conflicts, counsel, and prosecution of the action to which no response is required. To the extent a response is required, Ulta denies that Plaintiff can establish adequacy or any other requirement for class certification and denies the allegations in Paragraph 108.

109. Paragraph 109 contains legal conclusions and characterizations concerning separate actions to which no response is required. To the extent a response is required, Ulta denies that Plaintiff can establish superiority, manageability, or any other requirement for class certification and denies the allegations in Paragraph 109.

110. Paragraph 110 contains legal conclusions and characterizations concerning class notice to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 110.

111. Paragraph 111 contains legal conclusions and characterizations concerning individual damages, cost of litigation, certification, alleged violations of law, aggregate damages, and continuing damage to Plaintiff and putative class members to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 111.

## **CAUSES OF ACTION**

## **FIRST CAUSE OF ACTION**

### **Violation of the California Invasion of Privacy Act,**

### **Cal. Penal Code § 630, et seq.(a)**

### **(California subclass only)**

112. Ulta incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

113. Ulta admits that Plaintiff purports to bring this claim individually and on behalf of members of a proposed class against Ulta. Ulta denies that Plaintiff or any putative class member has a viable claim, denies that Plaintiff may represent any class, and denies the remaining allegations in Paragraph 113.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, the cited statutory provisions speak for themselves, and Ulta denies any characterization inconsistent with those provisions.

115. Paragraph 115 contains legal conclusions, statutory quotations, and characterizations concerning CIPA to which no response is required. To the extent a response is

required, Cal. Penal Code § 630 speaks for itself, and Ulta denies any characterization inconsistent with that statute.

116. Paragraph 116 contains legal conclusions and statutory quotations concerning Cal. Penal Code § 631(a) to which no response is required. To the extent a response is required, Cal. Penal Code § 631(a) speaks for itself, and Ulta denies any characterization inconsistent with that statute.

117. Paragraph 117 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that it "intercepted" or "collected" any communication or information in violation of any statute. Ulta admits that its Website uses certain technologies for ordinary and legitimate business purposes, as disclosed in the Website's publicly available Privacy Policy. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 117.

118. Paragraph 118 contains legal conclusions and statutory quotations concerning Cal. Penal Code § 638.51(a) to which no response is required. To the extent a response is required, Cal. Penal Code § 638.51(a) speaks for itself, and Ulta denies any characterization inconsistent with that statute.

119. Paragraph 119 contains legal conclusions and statutory quotations concerning Cal. Penal Code § 638.50(b) to which no response is required. To the extent a response is required, Cal. Penal Code § 638.50(b) speaks for itself, and Ulta denies any characterization inconsistent with that statute.

120. Paragraph 120 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that any technology on the Website constitutes a "pen register" within the meaning of Cal. Penal Code § 638.50(b), denies that any technology "recorded or decoded dialing, routing, addressing, or signaling information" within the meaning of that statute, and denies the remaining allegations in Paragraph 120.

121. Paragraph 121 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that any technology was

"installed" on users' browsers in the manner alleged, denies that any technology on the Website constitutes a "pen register," and denies the remaining allegations in Paragraph 121.

122. Paragraph 122 contains legal conclusions and characterizations, including as to what constitutes "consent" under CIPA, to which no response is required. To the extent a response is required, Ulta affirmatively alleges that its publicly available Privacy Policy, in effect on the Website during the relevant period, disclosed the categories of tracking technologies used on the Website and their purposes. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 122.

123. Paragraph 123 contains legal conclusions and characterizations concerning any asserted requirement for a court order to install or use trackers to which no response is required. To the extent a response is required, Ulta denies any violation of law.

124. Paragraph 124 contains legal conclusions and characterizations concerning injury, CIPA sections 631(a) and 638.51(a), injunctions, and statutory damages to which no response is required. To the extent a response is required, Ulta denies that Plaintiff or any putative class member has been injured, denies that Ulta violated CIPA, denies that Plaintiff or any putative class member is entitled to injunctive relief or statutory damages, and denies the remaining allegations in Paragraph 124.

## <u>SECOND CAUSE OF ACTION</u>

### Violation of the Wiretap Act

### Title 1 of the Electronic Communications Privacy Act ("ECPA") (18 U.S.C. § 2510, *et seq*.)

125. Ulta incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

126. Paragraph 126 contains legal conclusions and statutory characterizations concerning the Wiretap Act to which no response is required. To the extent a response is required, the cited statute speaks for itself, and Ulta denies any characterization inconsistent with the statute.

127. Paragraph 127 contains legal conclusions and statutory quotations concerning what it means to "intercept" to which no response is required. To the extent a response is required, 18 U.S.C. § 2510(4) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

128. Paragraph 128 contains legal conclusions and statutory quotations defining "contents" to which no response is required. To the extent a response is required, 18 U.S.C. § 2510(8) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

129. Paragraph 129 contains legal conclusions and statutory quotations defining "person" to which no response is required. To the extent a response is required, 18 U.S.C. § 2510(6) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

130. Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130 concerning Plaintiff, and therefore denies those allegations.

131. Ulta admits that it is a corporation. Paragraph 131 otherwise contains legal conclusions concerning 18 U.S.C. § 2510(6) to which no response is required. To the extent a response is required, the cited statute speaks for itself, and Ulta denies any characterization inconsistent with the statute.

132. Paragraph 132 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that it "installed" any technology on Plaintiff's browser, denies that any technology "intercepted" any communication within the meaning of 18 U.S.C. § 2511(1)(a), and denies the remaining allegations in Paragraph 132. Ulta affirmatively alleges that its publicly available Privacy Policy, in effect on the Website during the relevant period, disclosed the categories of tracking technologies used on the Website and their purposes. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 132.

133. Paragraph 133 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that it violated 18 U.S.C. § 2511(1)(c), denies that it disclosed the "contents" of any communication within the meaning of the Wiretap Act, and denies the remaining allegations in Paragraph 133.

134. Paragraph 134 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that it violated 18 U.S.C. § 2511(1)(d). Ulta affirmatively alleges that it used website technologies for ordinary and legitimate

business purposes and not for any criminal or tortious purpose within the meaning of 18 U.S.C. § 2511(2)(d). Ulta denies the remaining allegations in Paragraph 134.

135. Paragraph 135 contains legal conclusions and characterizations concerning alleged violations of the Wiretap Act, harm, injury, privacy rights, loss of information, money, costs, and ascertainable value to which no response is required. To the extent a response is required, Ulta denies that it violated the Wiretap Act, denies that Plaintiff or any putative class member has suffered any harm, injury, or loss as a result of any act or omission by Ulta, and denies the remaining allegations in Paragraph 135.

136. Paragraph 136 contains legal conclusions and characterizations concerning 18 U.S.C. § 2520 to which no response is required. To the extent a response is required, Ulta denies that Plaintiff or any putative class member is entitled to damages, attorneys' fees, costs, or any other relief, and denies the remaining allegations in Paragraph 136.

## THIRD CAUSE OF ACTION

**Violation of the California Computer Data Access and Fraud Act**

**(California Penal Code § 502)**

**(California subclass only)**

137. Ulta incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

138. Paragraph 138 contains legal conclusions, statutory quotations, and characterizations concerning the CDAFA to which no response is required. To the extent a response is required, Cal. Penal Code § 502(a) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

139. Paragraph 139 contains legal conclusions, statutory quotations, and characterizations concerning the CDAFA to which no response is required. To the extent a response is required, Cal. Penal Code § 502(a) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

140. Paragraph 140 contains legal conclusions and statutory quotations concerning "access" to which no response is required. To the extent a response is required, Cal. Penal Code § 502(b)(1) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

141. Paragraph 141 contains legal conclusions and statutory quotations concerning "computer program or software" to which no response is required. To the extent a response is required, Cal. Penal Code § 502(b)(3) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

142. Paragraph 142 contains legal conclusions and statutory quotations concerning "computer system" to which no response is required. To the extent a response is required, Cal. Penal Code § 502(b)(5) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

143. Paragraph 143 contains legal conclusions and characterizations concerning Plaintiff's and putative class members' web browsers, computers, and computer systems to which no response is required. To the extent a response is required, the CDAFA speaks for itself, and Ulta denies any characterization inconsistent with the statute. Ulta denies that the computers on which Plaintiff and the purported class members used their web browsers constitute computers or "computer systems" within the scope of the CDAFA, and denies the remaining allegations in Paragraph 143.

144. Paragraph 144 contains legal conclusions and statutory quotations concerning "data" to which no response is required. To the extent a response is required, Cal. Penal Code § 502(b)(8) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

145. Paragraph 145 contains legal conclusions and characterizations concerning cookies and "data" under the CDAFA to which no response is required. To the extent a response is required, the CDAFA speaks for itself, and Ulta denies any characterization inconsistent with the statute.

146. Paragraph 146 contains legal conclusions and statutory quotations concerning Cal. Penal Code § 502(c)(1) to which no response is required. To the extent a response is required, Cal.

Penal Code § 502(c)(1) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

147. Paragraph 147 contains legal conclusions and statutory quotations concerning Cal. Penal Code § 502(c)(2) to which no response is required. To the extent a response is required, Cal. Penal Code § 502(c)(2) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

148. Paragraph 148 contains legal conclusions and statutory quotations concerning Cal. Penal Code § 502(c)(4) to which no response is required. To the extent a response is required, Cal. Penal Code § 502(c)(4) speaks for itself, and Ulta denies any characterization inconsistent with the statute.

149. Paragraph 149 contains legal conclusions and statutory quotations concerning Cal. Penal Code §§ 502(c)(6) and 502(c)(7) to which no response is required. To the extent a response is required, the cited statutory provisions speak for themselves, and Ulta denies any characterization inconsistent with those provisions.

150. Paragraph 150 contains legal conclusions and characterizations concerning Cal. Penal Code § 502(c)(1) to which no response is required. To the extent a response is required, Ulta denies that it knowingly accessed or caused to be accessed any computer, computer system, or computer network "without permission" within the meaning of the CDAFA, and denies the remaining allegations in Paragraph 150.

151. Paragraph 151 contains legal conclusions and characterizations concerning Cal. Penal Code § 502(c)(4) to which no response is required. To the extent a response is required, Ulta denies that it disrupted or caused the disruption of any computer services or denied or caused the denial of any computer services to any authorized user, and denies the remaining allegations in Paragraph 151.

152. Paragraph 152 contains legal conclusions and characterizations concerning computers, computer systems, computer networks, and Cal. Penal Code §§ 502(c)(6) and 502(c)(7) to which no response is required. To the extent a response is required, Ulta denies that it

"knowingly and without permission provided" any third party "a means of accessing" Plaintiff's or Class members' computers or computer systems within the meaning of the CDAFA, and denies the remaining allegations in Paragraph 152.

153. Paragraph 153 contains legal conclusions and characterizations concerning alleged collection and disclosure of personally identifying and addressing information, IP addresses, and Cal. Penal Code § 502(c)(2) to which no response is required. To the extent a response is required, Ulta denies that it "took" or "made use of" any data "without permission" from Plaintiff's or Class members' computers within the meaning of the CDAFA, and denies the remaining allegations in Paragraph 153.

154. Ulta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154 concerning Plaintiff's or putative class members' citizenship, devices, location, data, and personally identifying information, and therefore denies those allegations.

155. Paragraph 155 contains legal conclusions and characterizations concerning alleged unjust enrichment to which no response is required. To the extent a response is required, Ulta denies that it was unjustly enriched by accessing, acquiring, taking, or using Plaintiff's or Class members' data or computer systems "without their permission or consent," denies that Plaintiff suffered any cognizable damage or loss under the CDAFA, and denies the remaining allegations in Paragraph 155.

156. Paragraph 156 contains legal conclusions and characterizations concerning alleged damages to which no response is required. To the extent a response is required, Ulta denies the allegations in Paragraph 156.

157. Paragraph 157 contains legal conclusions and characterizations concerning attorneys' fees and costs under Cal. Penal Code § 502(e)(2) to which no response is required. To the extent a response is required, Ulta denies that Plaintiff or any putative class member is entitled to attorneys' fees, costs, or any other relief.

**<u>FOURTH CAUSE OF ACTION</u>**

**Invasion of Privacy**

**(Violation of Art. 1, § 1, California Constitution)**

**(California subclass only)**

158. Ulta incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

159. Paragraph 159 contains legal conclusions, quotations, and characterizations concerning the California Constitution to which no response is required. To the extent a response is required, Cal. Const. art. I, § 1 speaks for itself, and Ulta denies any characterization inconsistent with that provision.

160. Paragraph 160 contains legal conclusions and characterizations concerning the elements of a claim for invasion of privacy under the California Constitution to which no response is required. To the extent a response is required, Ulta denies that Plaintiff has established (1) a legally protected privacy interest, (2) a reasonable expectation of privacy, or (3) an intrusion so serious in nature, scope, and actual or potential impact as to constitute an egregious breach of social norms, and denies the remaining allegations in Paragraph 160.

161. Paragraph 161 contains legal conclusions and characterizations concerning Plaintiff's and putative class members' alleged privacy interests to which no response is required. To the extent a response is required, Ulta denies that Plaintiff or putative class members have a legally protected privacy interest in the routine website-interaction data and technical information allegedly collected during browsing of a public-facing retail website, and denies the remaining allegations in Paragraph 161.

162. Paragraph 162 contains legal conclusions and characterizations concerning Plaintiff's and putative class members' reasonable expectations of privacy to which no response is required. Ulta affirmatively alleges that its publicly available Privacy Policy, in effect on the Website during the relevant period, disclosed that the Website uses cookies and similar tracking technologies, third-party analytics providers, and session-replay technology, and further disclosed

the categories of information collected and the purposes for which such technologies were used. *See* Ex. A. On those grounds, Plaintiff lacked a reasonable expectation that routine website-interaction data would not be collected in the ordinary course of using a public-facing retail website. Ulta denies the remaining allegations in Paragraph 162.

163. Paragraph 163 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies each of those characterizations. Ulta denies that any technology was "installed" on users' browsers in the manner alleged, denies that any "communication" was "collected" or "disclosed" within the meaning of any applicable statute, and denies that its conduct constitutes an invasion of privacy. Ulta affirmatively alleges that its publicly available Privacy Policy, in effect on the Website during the relevant period, disclosed the Website's use of tracking technologies and the types of information that may be collected. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 163.

164. Paragraph 164 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies each of those characterizations. In particular, Ulta denies that the routine use of cookies, pixels, analytics tools, advertising technologies, and related website tools on a public-facing retail website — for ordinary business purposes such as analytics, advertising measurement, site performance, personalization, security, and fraud prevention—constitutes conduct that would be "highly offensive to a reasonable person" or a "severe and egregious breach of social norms." Ulta further denies that the information at issue constitutes "personally identifying information" whose collection gives rise to a constitutionally cognizable invasion of privacy in the context of browsing a public-facing commercial website. Ulta affirmatively alleges that its publicly available Privacy Policy disclosed the Website's use of tracking technologies. *See* Ex. A. Ulta denies the remaining allegations in Paragraph 164.

165. Paragraph 165 contains legal conclusions and characterizations concerning alleged injury to Plaintiff and Class members to which no response is required. To the extent a response is required, Ulta denies that its use of ordinary website technologies for analytics, advertising, and

related website functions on a public-facing retail website constitutes a "severe and egregious breach of social norms," and denies the remaining allegations in Paragraph 165, including any allegation that Plaintiff or Class members sustained injury or suffered harm to their peace of mind.

166. Paragraph 166 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Ulta denies that Plaintiff or any putative class member is entitled to any relief and denies the remaining allegations in Paragraph 166.

167. Paragraph 167 contains legal conclusions and a request for relief to which no response is required. To the extent a response is required, Ulta denies that Plaintiff or any putative class member is entitled to any relief.

**<u>FIFTH CAUSE OF ACTION</u>**

**(Violations of the CALIFORNIA UNFAIR COMPETITION LAW, Cal. Bus. & Prof. Code §17200, *et seq.*)**

168. Ulta incorporates by reference its responses to the preceding paragraphs as though fully set forth herein.

169. Paragraph 169 contains legal conclusions and characterizations concerning the UCL to which no response is required. To the extent a response is required, Ulta denies that it engaged in any "unlawful, unfair, or fraudulent business acts and practices" within the meaning of Cal. Bus. & Prof. Code § 17200, denies that it violated CIPA, the ECPA, the CDAFA, or any other law, and denies the remaining allegations in Paragraph 169, including subparts (a) through (d).

170. Paragraph 170 contains legal conclusions and characterizations concerning alleged unfair acts and practices to which no response is required. To the extent a response is required, Ulta denies that its conduct was "immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious" and denies the remaining allegations in Paragraph 170. Ulta affirmatively alleges that it used website technologies for ordinary and legitimate business purposes, as disclosed in its publicly available Privacy Policy. *See* Ex. A.

171. Paragraph 171 contains legal conclusions and characterizations concerning causation, injury, and loss of money or property to which no response is required. To the extent a

response is required, Ulta denies that Plaintiff was injured or lost money or property as a direct and proximate result of any act or omission by Ulta, denies that Plaintiff has suffered any cognizable injury sufficient to establish standing under the UCL, and denies the remaining allegations in Paragraph 171.

172. Paragraph 172 contains legal conclusions and characterizations concerning alleged knowing and willful violations of CIPA, ECPA, and CDAFA to which no response is required. To the extent a response is required, Ulta denies that it knowingly or willfully violated any statute. Ulta affirmatively alleges that it used website technologies for ordinary and legitimate business purposes and did not act with knowledge of, or a purpose to facilitate, any alleged unlawful conduct. Ulta denies the remaining allegations in Paragraph 172.

173. Paragraph 173 contains legal conclusions and a request for relief under the UCL to which no response is required. To the extent a response is required, Ulta denies that Plaintiff or any Class member is entitled to declaratory relief, attorneys' fees, costs, expenses, injunctive relief, equitable relief, or any other relief. Ulta further denies that Plaintiff has established the inadequacy of legal remedies required for equitable relief under the UCL.

## DEMAND FOR A JURY TRIAL

174. Ulta admits that Plaintiff purports to demand a jury trial. Ulta denies that Plaintiff or any putative class member is entitled to relief.

## PRAYER FOR RELIEF

Ulta denies that Plaintiff or any Class member is entitled to any relief requested in the Prayer for Relief, including certification of any class, appointment of Plaintiff as class representative, appointment of Plaintiff's counsel as class counsel, declaratory relief, judgment in Plaintiff's favor, statutory damages, pre- or post-judgment interest, restitution, equitable monetary relief, injunctive relief, attorneys' fees, expenses, costs, or any other relief. Ulta denies all remaining allegations in the Prayer for Relief.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, entitled "Affirmative

Defenses," Ulta further responds to the Amended Complaint by alleging the following defenses, avoidances, and affirmative defenses without assuming the burden of proof where such a burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law. All defenses are alleged as to Plaintiff and, if this case is permitted to proceed on a class basis, as to any other member of the purported class. Ulta reserves the right to assert additional separate defenses, avoidances, and/or affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case, and asserts the separate defenses, avoidances, and affirmative defenses herein in good faith to avoid waiver.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure To State a Claim)**

Ulta asserts and alleges that the Complaint, and each and every cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action upon which relief can be granted against Ulta.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Ulta asserts and alleges that the Complaint, and each and every cause of action contained therein, is barred on the grounds that Plaintiff lacks standing to assert such claims.

**THIRD AFFIRMATIVE DEFENSE**

**(No Injury or Actual Harm)**

Ulta asserts and alleges that the Complaint, and each and every cause of action contained therein, is barred in whole or in part on the grounds that Plaintiff has suffered no injury or actual harm as a result of any act or omission on the part of Ulta.

**FOURTH AFFIRMATIVE DEFENSE**

**(Not a Bona Fide Consumer)**

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred on the grounds that Plaintiff is not a bona fide consumer in that Plaintiff did not intend and did not, in fact, obtain any goods or services from Ulta.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Causation)**

Ulta asserts and alleges that the Complaint, and each and every cause of action contained therein, is barred on the grounds that any alleged damages suffered by Plaintiff were not caused, directly or proximately, by any act or omission on the part of Ulta.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Damages)**

Ulta asserts and alleges that the Complaint, and each and every cause of action contained therein, is barred on the grounds that Plaintiff suffered no damages with respect to the allegations against Ulta.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

Ulta asserts and alleges that the Complaint, and each and every cause of action contained therein, is barred in whole or in part on the grounds that Plaintiff had notice of, and impliedly consented to, the challenged conduct. At all relevant times, Ulta maintained a publicly available Privacy Policy on the Website that disclosed Ulta's use of cookies, pixels, analytics tools, advertising technologies, session-replay technology, and related website tools, including third-party technologies, as well as the categories of information collected and the business purposes for which such technologies were used. *See* Ex. A. Ulta's Privacy Policy, in effect when Plaintiff visited the Website, informed Website visitors that the Website used cookies, pixels, and other tracking technologies managed by Ulta and third parties, and disclosed the categories of information collected and the purposes for which such information was used. By voluntarily visiting and continuing to use a public-facing retail Website notwithstanding those publicly posted disclosures, Plaintiff impliedly consented to the collection, use, and disclosure of information through such technologies as described in the Privacy Policy. Furthermore, the Privacy Policy disclosed that third-party cookies may be used for analytics, advertising, and related website functions. *See* Ex. A. On those allegations, Plaintiff does not plausibly plead lack of consent.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel/Ratification/Waiver)**

Ulta asserts and alleges that the Complaint is barred in whole or in part by the doctrines of estoppel, ratification and/or waiver. Plaintiff and the putative class members voluntarily used the Website notwithstanding Ulta's publicly posted Privacy Policy disclosures, and accepted or failed to reject the relevant disclosures, browser settings, device settings, or other choices available to them.

**NINTH AFFIRMATIVE DEFENSE**

**(Lawful Business Operations)**

Ulta asserts and alleges that the Complaint, and each and every cause of action contained therein, is barred in whole or in part because Ulta conducted lawful and prudent business operations and therefore Plaintiff has no viable claims against Ulta.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred in whole or in part due to Plaintiff's and the putative class members' failure to mitigate damages, if any. Plaintiff and the putative class members failed to take reasonable steps to mitigate any alleged damages, injury, or loss, including by failing to avail themselves of browser settings, device settings, privacy controls, or other readily available mechanisms to manage, limit, or block cookies and tracking technologies. Ulta's publicly available Privacy Policy, in effect during the relevant period, disclosed the Website's use of tracking technologies and informed users of choices available to manage their preferences. *See* Ex. A. Any recovery to which Plaintiff or the putative class members may be entitled, which Ulta denies, should be reduced or denied accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Notice)**

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred in whole or in part due to the fact that Plaintiff received clear notice of the use of tracking technologies such that there is no viable claim against Ulta. At all relevant times, Ulta maintained a publicly available Privacy Policy on the Website that disclosed Ulta's use of cookies, pixels, analytics tools, advertising technologies, session-replay technology, and other website tracking technologies. *See* Ex. A. Ulta's Privacy Policy, in effect when Plaintiff visited the Website, informed Plaintiff that the Website used cookies, pixels, and other tracking technologies managed by Ulta and third parties, including for analytics, advertising, and related website functions. The Privacy Policy further disclosed that Ulta may collect information such as IP address, browsing activity, device data, and related internet or network activity when users interact with the Website. These public disclosures foreclose any plausible inference that Ulta's use of cookies, analytics tools, and related tracking technologies was undisclosed to Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Intended Recipient)**

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred in whole or in part because there was no interception of any communication as required by the claims asserted against Ulta.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Intent)**

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred in whole or in part due to the fact that Ulta lacked the requisite intent to support the causes of action and damages alleged in the Complaint. Ulta used third-party technologies for ordinary commercial purposes and did not act with knowledge of, or a purpose to facilitate, any alleged unlawful interception.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Requisite Knowledge)**

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred in whole or in part due to the fact that Ulta lacked the requisite knowledge to support the claims and damages alleged in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Reasonable Expectation of Privacy)**

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred in whole or in part due to the fact that Plaintiff had no reasonable expectation of privacy in her interactions with Ulta's public-facing retail Website. Plaintiff browsed a publicly accessible commercial website and only alleges the collection of routine website-interaction data, none of which constitutes private, confidential, or sensitive information giving rise to a legally cognizable privacy interest. Moreover, Ulta's publicly available Privacy Policy disclosed the use of tracking technologies on the Website. *See* Ex. A.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Proper Business Practices)**

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred in whole or in part due to the fact that Ulta's acts and/or omissions constituted lawful and ordinary business practices and were not unfair or fraudulent such that Plaintiff has no viable claims against Ulta.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred in whole or in part under the doctrine of unclean hands.

///

///

///

**<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>**

**(Barred by Applicable Statute of Limitations)**

Ulta asserts and alleges that Plaintiff is precluded from recovery to the extent her claims are barred by the applicable statutes of limitations.

**<u>NINETEENTH AFFIRMATIVE DEFENSE</u>**

**(Laches)**

Ulta asserts and alleges that the Complaint, and each and every cause of action contained therein, is barred because Plaintiff's undue delay in bringing the action is prejudicial to Ulta such that it violates the doctrine of laches.

**<u>TWENTIETH AFFIRMATIVE DEFENSE</u>**

**(Preemption)**

Ulta asserts and alleges that the Complaint, and each and every cause of action contained therein, is barred to the extent the claims are preempted by federal law.

**<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>**

**(No Ascertainable Class)**

Ulta asserts and alleges that there is no ascertainable class, and therefore, this action is not properly maintained as a class action.

**<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>**

**(Claims Not Representative or Typical of Class)**

Ulta asserts and alleges that the claims of the named Plaintiff are not representative or typical of the claims of members of the putative class, and therefore, this action is not properly maintained as a class action.

**<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>**

**(No Common Questions of Law or Fact)**

Ulta asserts and alleges that there are no questions of law or fact common to the putative class, that individualized questions of law and fact predominate over any common questions, and

that proof particular to Plaintiff's and the putative class members' claims and defenses thereto will vary widely. Therefore, this action is not properly maintained as a class action.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiff Not Suitable Class Representative)**

Ulta asserts and alleges that Plaintiff is not a suitable class representative because her claims and defenses thereto are not typical of the claims and defenses thereto of the putative class. Therefore, this action is not properly maintained as a class action.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Claims Not Numerous)**

Ulta asserts and alleges that the putative class is not so numerous that joinder of all members is impracticable, and therefore, this action is not properly maintained as a class action.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Class Action Not Practical)**

Ulta asserts and alleges that prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications. Therefore, this action is not properly maintained as a class action.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class Action Not Manageable)**

Ulta asserts and alleges that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Affirmative Defenses Applicable to Members of Putative Class)**

Each affirmative defense asserted and alleged herein with respect to the named Plaintiff is also asserted and alleged, on information and belief, with respect to each member of the putative class.

///

///

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Statutes Not Intended for Application)

Ulta asserts and alleges on information and belief that the Complaint, and each and every cause of action contained therein, is barred in whole or in part on the grounds that the statutes relied upon in the Complaint (*e.g.*, without limitation, Penal Code Section 630, *et seq.* and the Wiretap Act, 18 U.S.C. Section 2510, *et seq.*) were not intended and do not apply to the routine use of cookies, pixels, analytics tools, advertising technologies, and other common website technologies deployed in the ordinary course of operating a public-facing commercial website, or to the circumstances described in the Complaint, such that there are no viable claims against Ulta.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

Plaintiff's and the putative class members' claims are barred by the doctrine of primary assumption of the risk. Plaintiff knowingly assumed the purported risk inherent in using the Website, a public-facing retail website, notwithstanding Ulta's publicly available Privacy Policy disclosures regarding the use of cookies and related tracking technologies. *See* Ex. A.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

Plaintiff's and the putative class members' claims are barred because Ulta substantially complied with CIPA and other obligations under California statutes and/or common law through its publicly available Privacy Policy and related disclosures. *See* Ex. A. Plaintiff has not suffered, and will not suffer, prejudice arising out of any alleged lack of strict compliance.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Reservation of Affirmative Defenses)**

Ulta reserves the right to subsequently assert and allege affirmative defenses to the Complaint, and any part and/or whole thereof, as they become known to Ulta.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Ulta prays as follows:

1. That Plaintiff and the putative class take nothing by way of the Complaint;
2. For costs of suit;
3. For reasonable attorney's fees, as allowed by law; and
4. For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ulta demands a jury trial for all issues so triable.

Dated: May 22, 2026

**FOLEY & LARDNER LLP**
EILEEN R. RIDLEY
PETER Z. STOCKBURGER
ANUM AMIN

By: */s/ Eileen R. Ridley*
EILEEN R. RIDLEY
Attorneys for Defendant ULTA SALON COSMETICS & FRAGRANCE, INC.