EILEEN R. RIDLEY, Bar No. 151735
eridley@foley.com
**FOLEY & LARDNER LLP**
ONE MARKET PLAZA
55 SPEAR STREET TOWER, SUITE 1900
SAN FRANCISCO, CA 94105
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

PETER Z. STOCKBURGER, Bar No. 265750
peter.stockburger@foley.com
ANUM AMIN, Bar No. 319662
aamin@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendant
ULTA SALON, COSMETICS & FRAGRANCE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNY ASERCION, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, a Delaware Corporation, and Does 1-100, inclusive,<br><br>Defendant. | Case No. 3:26-cv-2442<br><br>**DEFENDANT ULTA SALON, COSMETICS & FRAGRANCE, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Assigned to: Hon. Rita F. Lin<br><br>Case filed: January 29, 2026<br>Removal filed: March 20, 2026<br><br>Hearing date: July 14, 2026<br>Time: 10:00 a.m. |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

NOTICE OF MOTION AND MOTION ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..... 2

I. INTRODUCTION ..... 2

II. STATEMENT OF ISSUES TO BE DECIDED (CIV. L.R. 7-4(a)(3)) ..... 2

III. FACTUAL BACKGROUND ..... 2

IV. LEGAL STANDARD ..... 3

V. ARGUMENT ..... 4

A. Plaintiff Fails to State a Claim for Violation of CIPA (Count I) ..... 4

1. Plaintiff Fails to State a Claim Under CIPA § 631(a) ..... 4

2. Plaintiff Fails to State a Pen Register Claim Under CIPA § 638.51(a) ..... 7

3. Plaintiff's Allegations Fail to Establish a Cognizable Injury ..... 9

4. The Complaint Does Not Plausibly Allege the Requisite Intent for the CIPA Claim ..... 10

5. Plaintiff Does Not, and Cannot, Plausibly Allege Lack of Consent ..... 10

B. Plaintiff Fails to State a Claim Under the Federal Wiretap Act (Count II) ..... 10

C. Plaintiff Fails to State a Claim Under CDAFA (Count III) ..... 12

D. Plaintiff Fails to State a Claim for Invasion of Privacy Under the California Constitution (Count IV) ..... 13

E. Plaintiff Fails to State a Claim Under the UCL (Count V) ..... 14

VI. CONCLUSION ..... 15

## TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 3

*Beltran v. Drs. Med. Ctr. of Modesto*,
2025 WL 1635467 (E.D. Cal. June 9, 2025) ... 6

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) ... 5

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024) ... 11

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) ... 12

*D'Antonio v. Smith & Wesson Inc.*,
No. 25-cv-03085-PCP, 2026 WL 446310 (N.D. Cal. Feb. 17, 2026) ... 9

*Doe v. Eating Recovery Center LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) ... 6, 7

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025) ... 12

*Dworkin v. Hustler Magazine, Inc.*,
867 F.2d 1188 (9th Cir. 1989) ... 3

*Gonzales v. Uber Techs., Inc.*,
305 F. Supp. 3d 1078 (N.D. Cal. 2018) ... 11, 13

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ... 5

*Gutierrez v. Converse Inc.*,
No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025) ... 5

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ... 14, 15

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) ... 7, 10

*In re Apple Data Privacy Litig.*,
2026 WL 146025 (N.D. Cal. 2026)........8

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011)........12

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020)........13

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019)........14

*In re iPhone Application Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012)........14

*In re Syntex Corp. Sec. Litig.*,
95 F.3d 922 (9th Cir. 1996)........4

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017)........11

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014)........11

*In re Zynga Priv. Litig.*,
750 F.3d........11

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014)........5

*Jones v. Peloton Interactive, Inc.*,
720 F. Supp. 3d 940 (S.D. Cal. 2024)........5

*Jones v. Tonal Sys., Inc.*,
751 F. Supp. 3d 1025 (S.D. Cal. 2024)........6, 7

*Katz-Lacabe v. Oracle America, Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023)........5, 11, 12

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025)........9

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002)........6, 11

*Lopez v. Apple, Inc.*,
519 F. Supp. 3d 672 (N.D. Cal. 2021)........15

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........ 14

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021)........ 7

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (2024)........ 6

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) ........ 10

*Mitchener v. CuriosityStream, Inc.*,
815 F. Supp. 3d 845 (N.D. Cal. 2025) ........ 8

*Mitchener*,
815 F. Supp. 3d ........ 10

*Mullis v. U.S. Bankruptcy Court*,
828 F.2d 1385 (9th Cir. 1987)........ 4

*Opperman v. Path, Inc.*,
87 F. Supp. 3d 1018 (N.D. Cal. 2014) ........ 12

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023) ........ 12

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025)........ 14

*Rodriguez v. Google LLC*,
No. 20-cv-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022)........ 11

*Rojas-Lozano v. Google, Inc.*,
159 F. Supp. 3d 1101 (N.D. Cal. 2016) ........ 14

*Shah v. Cap. One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025) ........ 12

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010)........ 3

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ........ 5, 10

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020)........ 15

*Sud v. Costco Wholesale Corp.*,
229 F. Supp. 3d 1075 (N.D. Cal. 2017) .......... 15

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) .......... 5

*Torres v. Prudential Fin., Inc.*,
No. 22-cv-07465, 2025 WL 1135088 (N.D. Cal. Apr. 17, 2025) .......... 7

*Williams v. What If Holdings, LLC*,
No. C 22-03780 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) .......... 4, 7

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) .......... 5, 6, 14

State Cases

*Chrisman v. City of Los Angeles*,
155 Cal. App. 4th 29 (2007) .......... 11

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986 (2011) .......... 13

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994) .......... 12

*Tavernetti v. Sup. Ct.*,
22 Cal.3d 187 (1978) .......... 3

Cases

Rodriguez v. Ink Am. Int'l Grp. LLC,
No. 25STCV15350, 2025 Cal. Super. LEXIS 84257 (Cal. Super. Ct. Dec. 10, 2025) .......... 8

*Sanchez v. Cars.com Inc.*,
No. 24STCV13201, 2025 Cal. Super. LEXIS 487194 (Cal. Super. Ct. Jan. 27, 2025) .......... 8

Federal Statutes

18 U.S.C.
§ 2510 .......... 1
§ 2511(1)(a), (c), (d) .......... 9
§ 2511(2)(d) .......... 10

State Statutes

Article I, Section 1 of the California Constitution ........................................................ 1, 2

Cal. Bus. & Prof. Code
§ 17200 .................................................................................................................... 2

Cal. Penal Code
§ 502 ........................................................................................................................ 1
§ 631(a) ............................................................................................................ passim
§ 638.50 .................................................................................................................. 15
§ 638.50(b) ............................................................................................................. 14
§ 638.51 ........................................................................................... 14, 15, 16, 17
§ 638.51(a) ........................................................................................................ 14, 19

Federal Rules

Fed. R. Civ. P. 12(c) ............................................................................................. 2, 3

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 14, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Rita F. Lin, United States District Judge, in Courtroom 15, 18th Floor, United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings as to Plaintiff Arny Asercion's Complaint in its entirety, without leave to amend.

This Motion is made on the grounds that Plaintiff fails to state any claim upon which relief can be granted, including under the California Invasion of Privacy Act, the Federal Wiretap Act, the California Comprehensive Computer Data Access and Fraud Act, Article I, Section 1 of the California Constitution, and California Business and Professions Code section 17200 et seq.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Ulta's Request for Judicial Notice and supporting papers filed concurrently herewith, all pleadings and papers on file in this action, and any further matters the Court may properly consider.

Pursuant to Judge Lin's Standing Order, counsel for Defendant conferred with counsel for Plaintiff regarding a mutually convenient hearing date before noticing this Motion.

Dated: May 22, 2026

**FOLEY & LARDNER LLP**
EILEEN R. RIDLEY
PETER Z. STOCKBURGER
ANUM AMIN

By: */s/ Eileen R. Ridley*

EILEEN R. RIDLEY
Attorneys for Defendant ULTA SALON COSMETICS & FRAGRANCE, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Arny Asercion ("Plaintiff") seeks to convert an ordinary visit to Defendant Ulta Salon, Cosmetics & Fragrance, Inc.'s ("Ulta") retail website into a sweeping privacy case under CIPA, the Federal Wiretap Act, CDAFA, Article I, Section 1 of the California Constitution, and the UCL. But the Complaint relies on generalized allegations about website technologies rather than facts showing what Plaintiff herself experienced or how she was allegedly harmed, while ignoring the fact that Ulta's publicly available Privacy Policy disclosed the use of the very categories of cookies and related tracking technologies Plaintiff now challenges.[1] The Complaint should be dismissed in its entirety, without leave to amend.

## II. STATEMENT OF ISSUES TO BE DECIDED (CIV. L.R. 7-4(A)(3))

Whether Plaintiff states any claim against Ulta by plausibly alleging: (1) a violation of CIPA, Cal. Penal Code §§ 631(a) or 638.51(a); (2) a violation of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*; (3) unauthorized access or use without permission, and resulting damage or loss, under CDAFA, Cal. Penal Code § 502; (4) a reasonable expectation of privacy and a highly offensive or serious invasion of privacy under Article I, Section 1 of the California Constitution; and (5) UCL standing or any viable unlawful, unfair, or fraudulent business practice under Cal. Bus. & Prof. Code § 17200 *et seq.*

## III. FACTUAL BACKGROUND

Ulta operates the website www.ulta.com (the "Website"). Compl. ¶ 1. Plaintiff alleges that when users visit the Website, Ulta deploys various third-party tracking technologies—including cookies, pixels, session-recording tools, and fingerprinting technologies. *Id.* ¶¶ 2, 46–64. According to the Complaint, these tools collect categories of website-interaction and technical information such as page views, URLs, browsing patterns, IP-address information, device and browser

---

[1] Plaintiff's lawsuit reads as a template because it is one. Plaintiff and her counsel have filed the same website-tracking suits against other companies using the same generalized allegations of cookies, pixels, session-replay tools, and third-party trackers, with little effort to tie those allegations to Plaintiff's own visit here.

characteristics, cursor movements, clicks, scrolling behavior, product interests, and shopping patterns. *Id*. ¶¶ 23–39, 49, 52–64, 78–79, 86, 120. The Complaint further alleges that Ulta used these tools for analytics, advertising, campaign measurement, and related commercial purposes. *Id*. ¶¶ 51–64, 71, 91, 94.

The allegations specific to Plaintiff are sparse. Plaintiff only alleges that she visited the Website in May 2025 "to browse for Mother's Day gifts." *Id.* ¶¶ 6, 92. The Complaint then asserts, in conclusory terms, that the challenged technologies were installed on her browser, that Ulta used the resulting information for analytics and advertising, and that Plaintiff did not provide prior consent. *Id.* ¶¶ 93–97. Plaintiff does not allege that she logged into an account, completed a purchase, entered payment information, transmitted health information, sent a confidential message, or otherwise disclosed information that was sensitive, embarrassing, or private. *Id.* ¶¶ 92–97. Nor does she allege what pages she visited, what products she viewed, what search terms she entered, or what any particular tool actually captured from her. *Id.*

Ulta's publicly available Privacy Policy disclosed to Plaintiff that the Website uses cookies, pixels, app technologies, third-party analytics providers, and session-replay technology, and further disclosed that third-party cookies may be used for analytics, advertising, and related website functions, and that Ulta may collect information such as IP address, browsing activity, device data, and related internet or network activity when users interact with the Website. See Declaration of Eileen R. Ridley in Support of Defendant's Request for Judicial Notice ("Ridley Decl."), Ex. A.

## IV. LEGAL STANDARD

Under Rule 12(c), a party may move for judgment on the pleadings after the pleadings close, and the motion is evaluated under the same standard as Rule 12(b)(6). Fed. R. Civ. P. 12(c); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). To survive, the complaint must plead sufficient factual matter to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In evaluating the motion, the Court accepts well-pleaded factual

allegations as true, but need not accept legal conclusions, unwarranted inferences, or facts not alleged. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). The Court may consider matters subject to judicial notice in deciding a Rule 12(c) motion. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## V. ARGUMENT

### A. Plaintiff Fails to State a Claim for Violation of CIPA (Count I)

Count I fails for multiple independent reasons. As pleaded, the Complaint does not plausibly allege a violation of either Section 631(a) or Section 638.51(a), and it further fails to allege the injury, scienter, and lack of consent necessary to sustain those claims.

#### 1. Plaintiff Fails to State a Claim Under CIPA § 631(a)

Plaintiff's Section 631(a) theory rests on the allegation that Ulta embedded third-party tools on the Website, thereby aiding and abetting those third parties in unlawfully intercepting website users' communications. Compl. ¶¶ 65–79, 116–117. But the Complaint does not plausibly allege a predicate violation of Section 631(a) by any third party, and it separately does not allege facts showing Ulta acted with the knowledge and purpose required to aid and abet such a violation. The claim therefore fails.

CIPA prohibits "aid[ing], agree[ing] with, employ[ing], or conspir[ing] with any person" who conducts or "permit[s]" any of § 631(a)'s three subparts. Cal. Pen. Code § 631(a). Those subparts include (1) intentional wiretapping, (2) willfully attempting to learn the contents or meaning of a communication in transit over a wire, and (3) attempting to use or communicate information obtained as a result of engaging in either of the previous two activities. *See Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (quoting *Tavernetti v. Sup. Ct.*, 22 Cal.3d 187, 192 (1978)). To adequately state a claim for aiding and abetting, Plaintiff must sufficiently plead a violation by a third party of one of § 631(a)'s clauses, as well as "knowledge of the conduct that will violate the statute and a purpose of aiding,

agreeing with, or employing the third party to commit those acts." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942 (N.D. Cal. 2024).

Plaintiff specifically alleges that Defendant aided and abetted unauthorized interception of the contents of communications under the second clause of Section 631(a). Compl. ¶¶ 76–79.[2] The second clause of Section 631(a) applies only where a person "reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit." Cal. Penal Code § 631(a). Plaintiff's allegations fail for at least two reasons.

***First***, Plaintiff has not plausibly alleged that any third party intercepted the contents of any communication. Under Section 631(a), "contents" means the substance, purport, or meaning of a communication, not merely technical or routing information associated with a website visit. *See In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106–08 (9th Cir. 2014); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020). Courts routinely distinguish between actionable content and non-actionable "record information" such as URLs, IP addresses, browser/device data, webpage titles and keywords, page visits, timestamps, or general website activity. *See Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082–83 (C.D. Cal. 2021); *Jones v. Peloton Interactive, Inc.*, 720 F. Supp. 3d 940, 947 (S.D. Cal. 2024); *Katz-Lacabe v. Oracle America, Inc.*, 668 F. Supp. 3d 928, 945 n.9 (N.D. Cal. 2023); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021).

Here, the Complaint alleges in a conclusory manner that Ulta and the third parties collected categories of data such as page views, URLs visited, browsing patterns, device and browser characteristics, IP addresses, cursor movements and clicks, page scrolling behavior, and product interests or shopping patterns. Compl. ¶¶ 49, 52–64, 78–79, 86, 120. Those allegations do not plausibly describe the contents of a communication. At most, they describe website interaction data and technical information associated with Plaintiff's browsing of a retail website. *Graham*, 533 F.

[2] Plaintiff does not allege a violation of the first clause of Section 631(a). In any event, any such theory would fail because that clause applies to unauthorized connections with a "telegraph or telephone wire, line, cable, or instrument," not to ordinary website technologies. Cal. Penal Code § 631(a); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 743 (N.D. Cal. 2023); *Gutierrez v. Converse Inc.*, No. 24-4797, 2025 WL 1895315, at *1–2 (9th Cir. July 9, 2025).

Supp. 3d at 833 (dismissing the § 631(a) claim "to the extent that it is predicated on non-content information," including "IP addresses, locations, browser types, and operating systems."); *Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (2024) (holding similar website-interaction data was "record" information, not content); *Yoon*, 549 F. Supp. 3d 1073, 1082–83 (C.D. Cal. 2021) ("§ 631(a)(ii) protects only the internal, user-generated material of a message, not routine identifiers, whether automatically generated or not."); *Doe v. Eating Recovery Center LLC*, 806 F. Supp. 3d 1109, 1114–15 (N.D. Cal. 2025) (rejecting conclusory allegations that website interactions alone constitute "contents").

Notably, Plaintiff never alleges what she herself communicated beyond visiting Ulta.com in May 2025 "to browse for Mother's Day gifts." Compl. ¶ 92. She does not allege that she purchased a product, entered text into a form or search field, sent a message, transmitted payment information, or otherwise conveyed any substantive content that could qualify as the contents of a communication. *See id*. ¶¶ 92–97. Although the Complaint alleges, simply on "information and belief," that Ulta's session recorders can capture "all of a user's keyboard input" (*see id*. ¶ 50) Plaintiff still does not allege that she typed anything, what she allegedly typed, or that any such content was intercepted from her. Without plaintiff-specific allegations identifying any substantive communication, the Complaint does not plausibly allege interception of "contents" under Section 631(a). *See Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1037–38 (S.D. Cal. 2024) (dismissing where plaintiff did not identify the substantive content of any message); *Beltran v. Drs. Med. Ctr. of Modesto*, 2025 WL 1635467, at *10–11 (E.D. Cal. June 9, 2025) (granting motion to dismiss where plaintiffs vaguely alleged they used a website to search for information but did not describe the searches they conducted or webpages viewed); *Mikulsky*, 713 F. Supp. 3d at 845.

***Second***, the Complaint does not plausibly allege that any third party learned the contents of a communication while it was "in transit." Cal. Penal Code § 631(a). A communication is "intercepted" only if it is acquired during transmission—not after it has already been received or stored. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). Section 631(a)



FOLEY & LARDNER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

therefore does not reach content reviewed only after the communication reached its destination server or was stored there. *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021); *Jones*, 751 F. Supp. 3d at 1040. Here, Plaintiff alleges only that Ulta embedded scripts on its website, that those tools "capture" website activity, and that Ulta "transmits that data to the third-parties that developed and operate the Trackers in real time." Compl. ¶¶ 46–50, 67–70. But the Complaint alleges no facts showing that any third party acquired and read any communication sent by Plaintiff before it reached Ulta's server. Nor does it allege when any communication was received, when any third party accessed it, or how any alleged reading occurred during transmission rather than after receipt. At most, the allegations are consistent with ordinary post-receipt storage or processing, which is not enough. *See Mastel*, 549 F. Supp. 3d at 1136; *Jones*, 751 F. Supp. 3d at 1040; *see also Eating Recovery Ctr. LLC*, 806 F. Supp. 3d at 1116–18.

Moreover, simply labeling the alleged transmission "real time" does not plausibly allege contemporaneous interception. Courts reject such conclusory allegations where the complaint does not explain how the interception supposedly occurred or plead facts showing acquisition during transmission rather than after ordinary receipt or processing. *See Torres v. Prudential Fin., Inc.*, No. 22-cv-07465, 2025 WL 1135088, at *5–6 (N.D. Cal. Apr. 17, 2025) (allegations that software intercepted data in real time and stored it for later access did not plausibly indicate reading while in transit); *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1126 (C.D. Cal. 2024) (allegation that communication was intercepted "in transit" merely restated the statute).

Because Plaintiff fails to plausibly allege that any third party violated the second clause of Section 631(a), her aiding-and-abetting theory fails as well. Absent a predicate violation of either of the first two clauses, Plaintiff cannot state a claim under the third or fourth clauses. *See Williams*, 2022 WL 17869275, at *2. **Plaintiff Fails to State a Pen Register Claim Under CIPA § 638.51(a)**

Plaintiff's pen-register theory fails for multiple, independent reasons. Section 638.51(a) prohibits installing or using a "pen register" or "trap and trace device" without first obtaining a court order. Cal. Penal Code § 638.51(a). A "pen register" is defined as "a device or process that

records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b). The Complaint does not plausibly allege such a device or process here.

As a threshold matter, Plaintiff's pen-register theory defeats itself. A pen register, by statutory definition, records only "dialing, routing, addressing, or signaling information," and expressly does not capture "the contents of a communication." Cal. Penal Code § 638.50(b). Yet Plaintiff repeatedly alleges that the same challenged technologies captured the "contents" of communications. *See* Compl. ¶¶ 3, 49–50, 76–79. If that is true, then those technologies are not pen registers. Plaintiff cannot premise her Section 638.51 claim on the assertion that the challenged tools captured contents while simultaneously contending those same tools were pen registers. On the face of the Complaint, those theories are incompatible. *See Mitchener v. CuriosityStream, Inc.*, 815 F. Supp. 3d 845, 852 (N.D. Cal. 2025) (holding that if the challenged software collected only metadata, plaintiff alleged no cognizable privacy injury, but if it collected content, then "the software is not a trap and trace device and § 638.50 does not apply"); *see also In re Apple Data Privacy Litig.*, 2026 WL 146025, at *4–5 (N.D. Cal. 2026) (dismissing a § 638.51 claim where plaintiffs simultaneously alleged the same communications both constituted confidential content and only dialing, routing, addressing, or signaling information).

Even putting aside that contradiction, the Complaint still does not plausibly allege a pen-register violation as to Plaintiff's own visit. Plaintiff alleges, at a high level, that Ulta used "201 third-party trackers, including 73 cookies, 25 different canvas fingerprints, and 2 session recorders," and that those tools collectively captured various categories of information. Compl. ¶ 47; *see id.* ¶¶ 80–89, 120–123. But the Complaint fails to identify which particular "device or process" supposedly recorded or decoded dialing, routing, addressing, or signaling information during Plaintiff's May 2025 visit, what specific information it recorded, or how it did so. Besides alleging that she visited the Website "to browse for Mother's Day gifts" (*see* Compl. ¶ 92), Plaintiff



FOLEY & LARDNER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

does not allege that she herself engaged in a communication with the Website from which such information was recorded. Absent allegations tying Plaintiff's own communication to specific dialing, routing, addressing, or signaling information recorded by a qualifying device or process, her Section 638.51 claim fails as a matter of law. Broad allegations about what website technologies can do in theory are not a substitute for those facts. *See, e.g.*, *D'Antonio v. Smith & Wesson Inc.*, No. 25-cv-03085-PCP, 2026 WL 446310, at *5 (N.D. Cal. Feb. 17, 2026).

Finally, the Complaint also fails because it attempts to stretch the pen-register statute beyond its text and ordinary meaning. Plaintiff's theory would treat ordinary website tools—cookies, pixels, fingerprinting, advertising scripts, and session replay—as pen registers simply because they receive IP addresses and related identifiers. If that were enough, then ordinary internet communications would become presumptively unlawful absent a court order. Nothing in the text or history of Section 638.51 supports that result. Moreover, persuasive California state-court authority has concluded that Section 638.51 was enacted to address telephonic surveillance, not routine website tracking technologies. *See Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 Cal. Super. LEXIS 487194, at *8 (Cal. Super. Ct. Jan. 27, 2025); *Rodriguez v. Ink Am. Int'l Grp. LLC*, No. 25STCV15350, 2025 Cal. Super. LEXIS 84257, at *8 (Cal. Super. Ct. Dec. 10, 2025).

**3. Plaintiff's Allegations Fail to Establish a Cognizable Injury**

The Complaint also fails because Plaintiff does not plausibly allege a cognizable injury for her Section 638.51 claim. She alleges only broad categories of information—such as "IP addresses," "device and browser characteristics," and other "identifying information"—without identifying what specific private information was actually collected from her. Compl. ¶¶ 2, 24–40, 52–64, 86, 120. That is insufficient. Courts have recognized that allegations of "IP addresses," "identifying information," and similar browser or device data are too vague to establish a protectable privacy interest, and that the alleged collection of routing information such as IP addresses, without more, does not establish a cognizable injury. *See Khamooshi v. Politico LLC*,

786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023); *Mitchener*, 815 F. Supp. 3d at 857–58.

**4. The Complaint Does Not Plausibly Allege the Requisite Intent for the CIPA Claim**

Plaintiff's CIPA claim independently fails because the Complaint does not plausibly allege the requisite scienter. To state a Section 631(a) aiding-and-abetting claim, Plaintiff must allege not merely that Ulta used third-party website tools, but that Ulta did so with "knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Smith*, 754 F. Supp. 3d at 942; *see also Heiting*, 728 F. Supp. 3d at 1121. Similarly, the allegations must show that Ulta intended to install or use an unlawful pen register under Section 638.51(a). The Complaint does not come close to making such showing. Conclusory assertions that ordinary website tools used for routine website operations were unlawful do not plausibly plead the scienter required for either CIPA theory.

**5. Plaintiff Does Not, and Cannot, Plausibly Allege Lack of Consent**

Plaintiff's CIPA theories also falter because Ulta's publicly available Privacy Policy disclosed that the Website uses cookies, pixels, app technologies, third-party analytics providers, and session-replay technology, and further disclosed that third-party cookies may be used for analytics, advertising, and related website functions. Ridley Decl., Ex. A. Plaintiff alleges only routine browsing on a public-facing retail website while Ulta's publicly posted Privacy Policy disclosed the very tracking practices she now challenges. On those allegations, Plaintiff does not plausibly plead lack of consent.

**B. Plaintiff Fails to State a Claim Under the Federal Wiretap Act (Count II)**

The Wiretap Act prohibits the intentional interception, use, or disclosure of the contents of a wire, oral, or electronic communication. 18 U.S.C. § 2511(1)(a), (c), (d). Plaintiff's claim under the Wiretap Act fails for four independent reasons. ***First***, as explained above in Section V.A.1, the Complaint does not plausibly allege interception of the "contents" of any communication by



FOLEY & LARDNER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Plaintiff, as opposed to routine website-interaction and technical data. The same defect defeats the Wiretap Act claim, because "contents" under the Act likewise refers to the substance or meaning of a communication, not record information generated in the course of website use. *See In re Zynga Priv. Litig.*, 750 F.3d at 1105–08; *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1086 (N.D. Cal. 2018).

***Second***, the Complaint does not plausibly allege an actionable interception by a third party. Plaintiff alleges only that Ulta embedded various vendor tools on its own website and used those tools in connection with Plaintiff's interactions with the Website. Compl. ¶¶ 46–64, 67–71. But the Complaint does not identify what specific vendor allegedly intercepted what specific communication from Plaintiff, and it pleads no facts showing that any vendor acted as an independent interceptor rather than as a software provider operating on Ulta's site. Generalized allegations about third-party tools do not suffice. *See Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1001 (N.D. Cal. 2024).

***Third***, the Complaint fails to adequately allege a contemporaneous interception. Under the Wiretap Act, an electronic communication must be acquired during transmission, not after it has already been received or entered electronic storage. *Konop*, 302 F.3d at 878. Plaintiff relies only on the conclusory assertion that data was collected or transmitted "in real time." Compl. ¶¶ 12, 70, 76, 132. But the Complaint does not explain how any vendor allegedly acquired a communication during transmission, before or apart from Ulta's own receipt. *See Konop*, 302 F.3d at 878; *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022); *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017).

***Lastly***, the claim independently fails because the Wiretap Act requires only one-party consent. 18 U.S.C. § 2511(2)(d). Here, the Complaint itself alleges that Ulta deployed the challenged tools on its own website, which is sufficient to establish consent by a party to the alleged communication. *See Katz-Lacabe*, 668 F. Supp. 3d at 944–45 (dismissing Wiretap Act claim because websites that deployed Oracle's tracking tools provided one-party consent); *see also In re*

*Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1026 (N.D. Cal. 2014) ("the consent of one party is a complete defense to a Wiretap Act claim").

Plaintiff's attempt to invoke the statute's criminal-or-tortious-purpose exception does not save the claim. The Complaint merely bootstraps its deficient CIPA, CDAFA, and privacy theories and asserts that the alleged interception was therefore undertaken for an unlawful purpose. Compl. ¶¶ 74–75. But Plaintiff alleges no independent criminal or tortious objective separate from the alleged interception itself, and the Complaint instead describes ordinary business purposes such as analytics, advertising, and campaign measurement. *Id.* ¶¶ 51–64, 71, 91, 94. That is insufficient to invoke the exception. *See Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1119–20 (S.D. Cal. 2023); *Katz-Lacabe*, 668 F. Supp. 3d at 945.

### C. Plaintiff Fails to State a Claim Under CDAFA (Count III)

Plaintiff's CDAFA claim fails for three independent reasons. ***First***, the Complaint fails to allege the damage or loss the statute requires. The Complaint does not allege that Plaintiff's device malfunctioned, lost functionality, required repair, or suffered any measurable technical impairment. Nor does it allege that any data was deleted, corrupted, or rendered inaccessible, or that Plaintiff incurred any cost investigating or remedying the alleged conduct. To the extent Plaintiff relies on alleged loss of control over data, diminution in the value of data, or Defendant's supposed profit from user data, courts have repeatedly rejected those theories as insufficient under CDAFA. *See Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 487–88 (N.D. Cal. 2021); *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1047–48 (N.D. Cal. 2025); *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 845 (E.D. Cal. 2025).

***Second***, Plaintiff does not plausibly allege that Ulta acted "without permission" as required by CDAFA. Most courts interpreting that phrase require allegations that the defendant circumvented a technical or code-based barrier restricting access. *See Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1053–54 (N.D. Cal. 2014); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 715 (N.D. Cal. 2011). Plaintiff's allegations that she voluntarily visited the Website and that third-

party website technologies operated in connection with that visit (see Compl. ¶¶ 92–97, 149–153) do not plausibly describe the sort of unauthorized access CDAFA was enacted to prohibit. *See Chrisman v. City of Los Angeles*, 155 Cal. App. 4th 29, 34 (2007).

***Finally***, Plaintiff alleges that Ulta violated multiple subsections of CDAFA but does so without pleading facts showing what Ulta specifically accessed, altered, or used without permission, how it supposedly provided a means of access, or how any alleged conduct violated any particular subsection. Such conclusory allegations are insufficient. *See Gonzales*, 305 F. Supp. 3d at 1090–91.

### D. Plaintiff Fails to State a Claim for Invasion of Privacy Under the California Constitution (Count IV)

As pleaded, Plaintiff's claim for invasion of privacy effectively merges the constitutional privacy and intrusion upon seclusion claims. Compl. ¶¶ 160–165. Because the two claims involve similar elements, courts consider them together and ask whether Plaintiff has plausibly alleged (1) a reasonable expectation of privacy and (2) an intrusion that was highly offensive. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020); *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994). The Complaint does neither.

Plaintiff only alleges that she visited Ulta.com in May 2025 "to browse for Mother's Day gifts," and that Ulta and third parties collected generalized website-interaction data such as page views, URLs, browsing patterns, IP-address information, device and browser characteristics, cursor movements, clicks, scrolling behavior, product interests, and shopping patterns. Compl. ¶¶ 23–39, 49, 52–64, 78–79, 86, 94, 120, 161–164. Plaintiff does not allege that she entered payment-card information, transmitted health information, sent a confidential message, disclosed intimate personal details, or otherwise conveyed information whose collection would reveal a private fact about her. Nor does she allege what pages she visited, what products she viewed, what search terms she entered, whether she logged into an account, or what any particular tool actually captured from her. *See id.* ¶¶ 92–97. On those allegations, the Complaint does not plausibly allege either a legally

protected privacy interest or a reasonable expectation of privacy in the information at issue. *See Popa v. Microsoft Corp.*, 153 F.4th 784, 791–92 (9th Cir. 2025); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 198 (N.D. Cal. 2019); *Yoon*, 549 F. Supp. 3d at 1086.

Plaintiff's alleged expectation of privacy is further undermined by Ulta's publicly available Privacy Policy, which disclosed that the Website uses cookies and similar technologies, including for analytics and related website functions. Ridley Decl., Ex. A. Plaintiff chose to browse a public-facing retail website notwithstanding those disclosures. On these allegations, she cannot plausibly claim a reasonable expectation that routine website-interaction data would not be collected in the ordinary course of using the site.

The Complaint also fails to allege an intrusion that was sufficiently serious or highly offensive. At most, it alleges that Ulta used ordinary website technologies for analytics, advertising, and related website functions, and that those technologies collected routine browsing data from a user visiting a public-facing retail website. That is not an egregious breach of social norms. *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090 (N.D. Cal. 2022); *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). Although the Complaint describes what session-replay tools, keyloggers, and other technologies may be capable of capturing in other circumstances, it never alleges that any sensitive or embarrassing information was actually captured from Plaintiff here. At most, the Complaint alleges observation of ordinary retail browsing behavior. That is insufficient to state either a constitutional privacy claim or a claim for intrusion upon seclusion. *See In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012).

### E. Plaintiff Fails to State a Claim Under the UCL (Count V)

Plaintiff's UCL claim must be dismissed for several reasons. ***First***, Plaintiff lacks standing because the Complaint is devoid of facts from which to reasonably infer that Plaintiff actually lost money or property. *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1119–20 (N.D. Cal. 2016) (dismissing UCL claim without factual allegations that plaintiffs "expended money"). While the



FOLEY & LARDNER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Complaint alleges abstract harms, such as loss of privacy, loss of control over information, and use of data for profit (Compl. ¶¶ 171–173), it does not allege that Plaintiff paid money, lost the economic value of identifiable property, or suffered an economic injury cognizable under the UCL. Nor can it. Plaintiff simply alleges she was browsing Mother's Day gifts on Defendant's website, but does not allege that she purchased anything.

***Second***, Plaintiff's request for injunctive and other equitable relief under the UCL independently fails because the Complaint does not plead the inadequacy of legal remedies. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). ***Third***, the claim under the "unlawful" prong of the UCL is wholly derivative of Plaintiff's deficient substantive claims. Compl. ¶ 169. Because the predicate CIPA, Wiretap Act, CDAFA, and constitutional privacy claims fail, the UCL claim fails with them. *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1088 (N.D. Cal. 2017); *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 692–93 (N.D. Cal. 2021).

***Finally***, Plaintiff generically labels the violation of the predicate claims as "unfair" and "fraudulent." But she fails to allege any facts showing any independently unfair or fraudulent conduct beyond the same deficient predicate theories. That is insufficient to state a viable claim under the unfair and fraudulent prongs of the UCL. *Hammerling*, 615 F. Supp. 3d at 1094.

## VI. CONCLUSION

For the foregoing reasons, Ulta respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice.

Dated: May 22, 2026

**FOLEY & LARDNER LLP**
EILEEN R. RIDLEY
PETER Z. STOCKBURGER
ANUM AMIN

By: */s/ Eileen R. Ridley*

EILEEN R. RIDLEY
Attorneys for Defendant ULTA SALON COSMETICS & FRAGRANCE, INC.